IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. DNCW3:03CR105-1 |
| | ) | (Financial Litigation Unit) |
| | ) | |
| TERRENCE MONTRELL WATSON, | ) | |
|     Defendant, | ) | |
| and | ) | |
| | ) | |
| WILBERT, INC., | ) | |
|     Garnishee. | ) | |

## ORDER OF CONTINUING GARNISHMENT

**THIS MATTER** is before the Court on the answer of Wilbert, Inc., as Garnishee. On December 14, 2004, the Honorable Lacy H. Thornburg sentenced Defendant to three years probation for his conviction of transportation of stolen goods and aiding and abetting the same in violation of 18 U.S.C. §§ 659 and 2(b). Judgment in the criminal case was filed on December 14, 2004 (Docket No. 21). As part of that Judgment, Defendant was ordered to pay an assessment of $300.00 and restitution of $22,159.38 to the victims of the crime. *Id*.

On April 29, 2015, the Court entered a Writ of Continuing Garnishment ("Writ") (Docket No. 26), to Garnishee, Wilbert, Inc., ("Garnishee"). The United States is entitled to a wage garnishment of up to twenty-five percent of net income and has satisfied the prerequisites set forth in 15 U.S.C. §1673. Defendant was served with the Writ on May 6, 2015, and Garnishee was served on May 8, 2015. Defendant filed a *pro se* Motion for Hearing on May 19, 2015 (Docket No. 29) and the United States filed its Response to Request for Hearing on May 22, 2015 (Docket No. 31). An Order denying Defendant's Request for Hearing was entered on October 2, 2015 (Docket No. 33).

Garnishee filed an Answer on June 15, 2015 (Docket No. 32), stating that at the time of the service of the Writ, Garnishee had in their custody, control or possession property or funds owned by Defendant, including non-exempt, disposable earnings. The answer of Garnishee also stated that Defendant's wages are currently being garnished for child support in the aggregate amount of $83.17 per week. The United States does not contest that the $83.17 distribution to child support takes priority over the government's garnishment.

Child support orders take priority over general debt collection. Pursuant to 28 U.S.C. 3205(c)(8), judicial orders and garnishments for the support of a person shall have priority over a writ of garnishment issued under this section. This section of the garnishment statute does not differentiate between judicial orders of state or federal courts as it pertains to priorities of payment. As such, the United States concurs with the garnishee's position that the existing court-ordered child support garnishment should have priority in this garnishment. However, the United States requests that the funds remaining after the child support garnishment (up to 25% of net wages) is fulfilled be applied to Defendant's debt to the United States. The United States further requests that as soon as the child support order is satisfied, that the full 25% of net earnings of the defendant be applied to the United State's garnishment, and that the Government's garnishment take immediate effect. *See* 28 U.S.C. 3205(c)(10).

IT IS THEREFORE ORDERED that an Order of Continuing Garnishment is hereby ENTERED in the amount of $20,507.38 computed through April 21, 2015. Garnishee will pay the United States up to twenty-five percent of Defendant's net earnings which remain after all deductions required by law have been withheld and one hundred percent of all 1099 payments, and Garnishee will continue said payments until the debt to the Plaintiff is paid in full or until Garnishee no longer has custody, possession or control of any property belonging to Defendant or

until further Order of this Court.

IT IS FURTHER ORDERED that upon expiration of the child support obligation, Garnishee will pay the United States the entire 25% of Defendant's net earnings which remain after all deductions required by law have been withheld and 100% of all 1099 payments and continue said payments until the debt to Plaintiff is paid in full or until Garnishee no longer has custody, possession or control of any property belonging to or until further Order of this Court.

Payments should be made payable to the United States Clerk of Court and mailed to:

> Clerk of the United States District Court
> 401 West Trade Street
> Charlotte, NC 28202

In order to ensure that each payment is credited properly, the following should be included on each check: Court Number DNCW3:03CR105-1.

IT IS FURTHER ORDERED that Garnishee will advise this Court if Defendant's employment is terminated at any time by Garnishee or Defendant.

Plaintiff will submit this debt to the Treasury for inclusion in the Treasury Offset Program. Under this program, any federal payment Defendant would normally receive may be offset and applied to this debt.

Signed: February 5, 2016

David C. Keesler
United States Magistrate Judge